**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **KAREN KUYKENDALL** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **LOWE'S HOME CENTERS, LLC** | § | |
| **Defendant** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW KAREN ANN KUYKENDALL, Plaintiff, complaining of LOWE'S HOME CENTERS, LLC, Defendant, and as good and sufficient grounds therefor respectfully shows unto this Honorable Court the following:

**A.   PARTIES**

1.      Plaintiff KAREN ANN KUYKENDALL is an individual and a citizen of the State of Texas.

2.      Defendant LOWE'S HOME CENTERS, LLC ("LOWE'S") is a foreign limited liability company.  It is a citizen of North Carolina, doing business in the State of Texas and the Southern District of Texas for the purpose of accumulating profits, and can be served by serving a copy of the summons and the complaint upon its registered agent, CSC Lawyers Incorporating Service Companies at 211 East 7th Street, Suite 620, Austin, Travis County, Texas, 78701.

3.      LOWE'S HOME CENTERS, LLC, as used in this petition, includes the employees,

Plaintiff's Original Complaint; Kuykendall vs. Lowe's Home Centers, LLC; In the US District Court for the Southern District of Texas; Galveston Division

Page **1** of **8**

officers, or agents of LOWE'S.   Since a corporation can act only through its employees, officers or other agents, any negligent act or omission of an employee, officer or other agent of a corporation, in the performance of his or her duties, is held in the law to be the negligence of the corporation.   Defendant is liable for the damages proximately caused to Plaintiff by the conduct of its agents, servants and employees under the legal doctrines of *respondeat superior* and/or agency.

## B.   JURISDICTION

4.      This Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C.   VENUE

5.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## D.   FACTS

6.      It is necessary to bring this lawsuit to seek recompense for injuries and damages suffered by Plaintiff KAREN ANN KUYKENDALL on or about the 15th  day of April, 2015, while she was shopping in the garden department of Defendant LOWE'S store located at 22600 Eastex Freeway, Kingwood, Texas.

7.      At that time, without warning, a box or boxes holding multiple containers of liquid insecticide fell from atop the shelves into the aisle where Plaintiff was shopping, striking

Plaintiff's Original Complaint; Kuykendall vs. Lowe's Home Centers, LLC; In the US District Court for the Southern District of Texas; Galveston Division

Page **2** of **8**

the concrete floor, immediately beside Plaintiff.

8.      Upon striking the floor, a container or containers burst open, drenching Mrs. Kuykendall with their toxic chemical contents, causing her to be exposed to the pesticide's hazardous contents topically, by inhalation and by ingestion.

9.      As a result of the incident, Plaintiff has suffered serious and permanent injuries to her person.

## E.   LIABILITY OF DEFENDANT

10.     Nothing Plaintiff did nor failed to do caused or in any way contributed to cause the occurrence in question.   Plaintiff was an invitee on the premises of the Defendant at the time this incident occurred.   As such, Defendant owed Plaintiff a duty to exercise ordinary care to keep the premises in a reasonably safe condition and to make safe any known defects or give adequate warnings of any defects.

11.     The containers in question fell from what Lowe's refers to as "top stock".   "Top stock" is not an area where customers engage in shopping, or to which they have access, but is adjacent to and directly above the aisles where customers do shop.

12.     The containers that fell were not properly, adequately, or safely stored in "top stock", or else this incident would not have occurred.    Lowe's stores its excess inventory of products in "top stock", and that inventory, including the containers of pesticide that harmed Plaintiff, was at the time of this incident under the management and control of Lowe's, and its agents, servants and employees.    Further, the character of this incident is

Plaintiff's Original Complaint; Kuykendall vs. Lowe's Home Centers, LLC; In the US District Court for the Southern District of Texas; Galveston Division

Page **3** of **8**

such that it would not ordinarily occur in the absence of negligence. Plaintiff is therefore entitled to rely upon, and hereby gives notice to Defendant of her intent to rely upon, the just and equitable doctrine of *res ipsa loquitur*, or "the thing speaks for itself", in establishing Defendant's negligence in this matter.

13. The containers of pesticide were not properly secured and constituted a hazard of which Defendant actually knew or should have known, and yet failed to eliminate the risk of injury to Plaintiff. Defendant had actual or constructive knowledge that the improperly secured cases of pesticide posed an unreasonable risk of harm and/or injury to the Plaintiff. Defendant failed to exercise reasonable care to adequately warn Plaintiff or reduce, or eliminate, this risk to her.

Defendant's failure in this regard was a proximate cause of the occurrence, and of the injuries to the Plaintiff.

14. In addition to Defendant negligently creating or allowing a defective or dangerous condition to exist upon its premises, and in failing to warn Plaintiff of or in failing to remedy said condition, negligent conduct or activity by agents or employees of Defendant were more likely than not a proximate cause of the incident in question.

15. Defendant further breached its duty to Plaintiff in:

   a. Failing to adequately screen, hire and train employees;

   b. Failing to adequately supervise employees;

   c. Failing to adequately ensure employees' safe work practices;

Plaintiff's Original Complaint; Kuykendall vs. Lowe's Home Centers, LLC; In the US District Court for the Southern District of Texas; Galveston Division

Page **4** of **8**

      d.      Failing to adequately ensure safety policies and procedures were enforced and followed;

      e.      Failing to adequately recognize and address hazards;

      f.      Failing to exercise reasonable care;

      g.      Failing to store the products involved in a manner to avoid harm to Plaintiff and others similarly situated; and

      h.      Failing to maintain a safe shopping environment.

These conditions and/or actions created an environment in which injuries to customers were likely and reasonably foreseeable to occur, and which in fact did occur as described herein, which proximately caused the occurrence and the damages sustained by Plaintiff herein, and for which Plaintiff seeks compensation.

### F.   DAMAGES

16.    As a result of this occurrence, Plaintiff has been injured.   She has suffered various legal elements of damages recognized by law, including physical pain, mental anguish, physical impairment, loss of enjoyment of life, and has incurred reasonable and necessary medical bills and expenses.   She will, in all reasonable probability, continue to suffer some or all of said legal elements of damages in the future.   To the extent that any damage or harm Plaintiff suffered in this incident aggravated or incited any previously existing condition, that too is a legal injury for which she is entitled to be compensated by Defendant.   These elements of damage are provided by law, and Plaintiff is entitled to have the jury consider them separately in order to determine the sum of money for each

Plaintiff's Original Complaint; Kuykendall vs. Lowe's Home Centers, LLC; In the US District Court for the Southern District of Texas; Galveston Division

Page **5** of **8**

element which will fairly and reasonably compensate her for the injuries, damages, and losses incurred as a result of the occurrence made the basis of this suit. For her foregoing legal elements of damages, past and future, Plaintiff maintains this suit against Defendant in a just and reasonable sum within the jurisdiction of the Court, plus prejudgment and post-judgment interest thereon as authorized by law.

## G.   GROSS NEGLIGENCE & EXEMPLARY DAMAGES

17.    The conduct of Lowe's as set forth in paragraphs 12 through 15 above constituted acts and/or omissions which, when viewed objectively from Defendant's standpoint at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Defendant had actual, subjective awareness of the risk involved to its customers, including Plaintiff, of injuries from objects falling from "top stock", but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.  Accordingly, Defendant's acts and omissions are such as to constitute gross negligence, and Plaintiff is entitled to and seeks an award of exemplary damages in a sum deemed appropriate by the jury under the evidence.

## H.   PLAINTIFF'S DEMAND FOR JURY TRIAL

18.    Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and, in accordance with Fed.R.Civ.P. 38, respectfully demands a trial by jury on all issues.

## I.   PRAYER

19.    For these reasons, Plaintiff asks for judgment against Defendant in a just and

Plaintiff's Original Complaint; Kuykendall vs. Lowe's Home Centers, LLC; In the US District Court for the Southern District of Texas; Galveston Division

Page **6** of **8**

reasonable sum within the jurisdiction of the Court for her actual damages, for exemplary damages, for prejudgment and post-judgment interest, for her costs of suit, and for all other relief the Court deems appropriate.

Respectfully submitted,

THE MILUTIN LAW FIRM

*/s/   John Milutin*
John Milutin
Federal Bar No.:   6933
State Bar No.: 14171700
3701 Kirby Drive, Suite 1212
Houston, Texas 77098
jmilutin@milutinlaw.com
Telephone: 713-533-1400
Facsimile:   713-533-1441


HARDY MCKENZIE LAW

*/s/   G.P. Hardy, III*
G.P. Hardy, III
Federal Bar No.: 6494
State Bar No.: 08992000
ghardyiii@yahoo.com
Sandra L. McKenzie
Federal Bar No.: 22600
State Bar No.:   13708480
Sandra@hardymckenzie.com
3701 Kirby Drive, Suite 1212
Houston, Texas 77098
Telephone:   361-570-8299
Facsimile:   713-533-1441

ATTORNEYS IN CHARGE FOR

Plaintiff's Original Complaint; Kuykendall vs. Lowe's Home Centers, LLC; In the US District Court for the Southern District of Texas; Galveston Division

Page **7** of **8**

PLAINTIFF, KAREN ANN KUYKENDALL

Plaintiff's Original Complaint; Kuykendall vs. Lowe's Home Centers, LLC; In the US District
Court for the Southern District of Texas; Galveston Division

Page **8** of **8**